## ELIJAH BENNET *v.* JAMES MONTGOMERY.

### CERTIORARI.

An action for forcible entry and detainer can only be maintained by the tenant who was in the actual possession of the premises at the time of the injury committed, and cannot be brought by the landlord.

An action of forcible entry and detainer was brought by Montgomery, the defendant, in certiorari against Bennet. The complaint filed with the justice before whom the cause was tried was as follows : "James Montgomery doth hereby complain against the said Elijah Bennet for this, to wit : that he, the said Elijah Bennet, on the third day of May, in the year of our Lord 1822, in the township of Upper Freehold, in the county of Monmouth, with force and arms on one Samuel Curtis, tenant to the said James Montgomery, did enter, and him the said Samuel did oust and turn out by throwing his goods out of doors, and turning or carrying his wife out of the house, of which he the said Elijah did take forcible possession, notwithstanding he the said James Montgomery was then and there seized of an estate of freehold and fee simple in the same, and the said Elijah hath continued in possession of the said house and premises from the day of his first entering into the same, unlawfully, with force and strong hands, and still holds and keeps possession unlawfully, although to restore possession and quit the premises, he the said Elijah has been legally noticed and requested." The jury found the defendant guilty of the forcible entry and detainer ; and the justice gave judgment that the said James Montgomery have restitution of the said messuage, lands and tenements, with the appurtenances.

*Ewing* relied upon the following reason assigned for the reversal of this judgment : " Because a complaint of forcible entry and detainer cannot be maintained by the said James

SUPREME COURT

Montgomery against the said Elijah Bennet, upon the matters set forth in the complaint in writing exhibited to the said justice." He contended that forcible entry and detainer could be brought only by the person who had been in the *actual possession* of the premises, and had been dispossessed. The gist of the action was the force. Even the action of trespass *quare clausum fregit* could be brought by the tenant in possession only, and not by the landlord,* and in forcible entry and detainer the object was merely to restore things to the state in which they were before the force was committed. The titlé to the lands could never come in question. In this case *Curtis* was the person who was in possession of the premises, and against whom the force was committed, and by him only could the action be maintained.

*Wall, contra,* cited *Rev. Laws* 349, *Sec.* 1, 2.

*Per curiam.* There is no doubt that the principle of law is, as laid down by the counsel for the plaintiff in certiorari. Therefore let the judgment be reversed.